[No. 1563-2.    Division Two.    October 28, 1975.]

ANNE M. LARSON, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ET AL, *Respondents*.

*Robert B. Taub*, for appellant.

*Slade Gorton, Attorney General*, and *Morris C. Looysen, Assistant*, for respondents.

PETRIE, C.J.—Appellant, Anne M. Larson, has been a re-

cipient of an AFDC grant for herself and children since 1969. In February 1973, she sought to remove one of her three children from the family assistance unit. The Department of Social and Health Services denied her request, and she appealed to the Superior Court for Pierce County. The trial court affirmed the department's action, and she has now appealed to this court.

One of Ms. Larson's children receives the sum of $61.70 monthly from the federal government under an OASDI grant. The respondent department has been deducting this amount from each month's AFDC payment. In February 1973, the department's regulations "relating to cost standards for requirements (needs) in determining eligibility and amount of public assistance payments" established "monthly standards for food, clothing, personal maintenance and necessary incidentals, household maintenance and shelter." For a household of four recipients in Pierce County purchasing a home the standard was $298 per month; for a household of three recipients it was $256 per month. WAC 388-28-100, promulgated by order No. 744 filed November 29, 1972. When the department deducted the one child's OASDI payment of $61.70 from the standard payment of $298, the net amount paid by the department to Ms. Larson was reduced to $236.30. Accordingly, it would be to Ms. Larson's advantage to reduce the number in the family assistance household to three and thus receive the full standard payment of $256 for the smaller family unit.

The department and Ms. Larson agree that authority for the caretaker parent to withdraw or not to withdraw one child from the family assistance unit under the fact pattern in the case at bench lies in an interpretation of State Letter No. 1088 issued on September 25, 1970, by the Commissioner of Social and Rehabilitation Service of the United States Department of Health, Education and Welfare. That letter is not binding upon the court, but it is entitled to great weight as an administrative agency's interpretation of the program it administers. The letter provides, in part:

The entitlement of a particular child to OASDI benefits is established by law. The fact that his benefits are paid to an adult, usually a parent or other relative appointed by the Federal agency as representative payee, does not alter the fact that the benefits belong to the child.

. . .

If these benefits are insufficient to meet *the State's defined standard of payment for such child*, the child would be included in the AFDC assistance payment which would reflect the child's income and his unmet needs.

In view of the statutory requirement that a child's OASDI benefits be for his "use and benefit" alone, the representative payee may not be required to use such benefits for other members of the child's family. Thus, if a child's monthly OASDI benefit exceeds his AFDC payment, the payee must have the option of removing the child together with his income from the AFDC family budget unit.

(Italics ours.)

Hence, we are required to determine whether the child's OASDI "benefits are insufficient to meet the State's defined standard of payment for such child" or whether the "child's monthly OASDI benefit exceeds his AFDC payment." In the latter case Ms. Larson has the option of removing the child from the family budget unit—in the former she does not.

The department contends that the proper method to determine the child's portion of the AFDC payment is to divide the amount of the assistance unit's grant—$298—by 4, thus establishing that the child's portion is $74.50. Ms. Larson contends, on the other hand, that the proper method of establishing the child's portion is to subtract the $256 standard from the $298 standard, thus establishing that the child's portion is $42.

We find neither method to be very realistic, but conclude that under the department's own regulations, we must accept Ms. Larson's version.

The department's proposed solution to the basic issue appears to be an after-the-fact method of calculating a

defined standard of need not particularly correlated to the methodology employed in calculating the standard of payment. It does not take into consideration the obvious fact that a family unit has certain fixed unit costs regardless of its size and also has variable costs which are dependent upon the number of people within the budget unit. Furthermore, in 1973 no published regulation bore any relationship to the department's mechanical method of calculating the child's portion of the family payment.[1]

More significantly, however, the department's own regulations lead to the inescapable conclusion that the state's defined standard of *payment* for the child was $42 in 1973. The minimal standard of payment to provide all basic requirements was $298 for a family of four and $256 for a family of three. Simple arithmetic demonstrates that the portion added to the family *payment* because of the additional child was $42. Indeed, when the department reduced the family grant from $298 to $236.30, the net payment fell below the department's standard of payment to meet the basic needs of a family of three. In order to reach this level for herself and her remaining two children the caretaker parent would have to use a portion of the other child's OASDI payment. This she could not do under federal law. 38 U.S.C. § 3501 (1958).

■ We hold that the proper method to determine whether an OASDI benefit payable to a child exceeds his AFDC payment is to subtract from the amount of the state's defined standard of payment to a family unit which includes the child, the amount of the state's defined standard of payment to a family unit which excludes the child.

---

[1] WAC 388-28-535(1)(c), promulgated January 24, 1975, provides:

The child's requirements shall be determined by dividing the requirements of the children and the caretaker parent(s) by the number of children in the family.

This regulation is not before us, but it would appear to be inconsistent with the basic thrust of this opinion. Under the present regulation, the caretaker parent would still be required to use a portion of the OASDI payment to meet the basic needs of the other members of the family.

If the remainder thus obtained is less than the OASDI payment, the OASDI payment exceeds the AFDC payment.

In the case at bench, Ms. Larson exercised the option to withdraw her child from the family unit eligible to receive AFDC payments. When she removed the child and the child's OASDI monthly income from the budget unit, the AFDC payment to her should have been based upon the standard provided for the smaller family unit.

Judgment reversed with direction that the department recalculate the amount of the family unit's AFDC payment consistent herewith.

PEARSON and REED, JJ., concur.

Petition for rehearing denied December 9, 1975.

Review denied by Supreme Court March 9, 1976.